Morphy, J.
This action was brought to recover $4800 for work and labor done, and materials furnished, in the erection of three houses for the defendant in Villeré street, and $81 50 for carpenters’ work done, and materials furnished, on another building of the defendant’s in Marais street. The defendant, after pleading the general issue, denies that he is in any manner indebted to the plaintiff, but avers, on the contrary, that the latter is indebted to him. He further avers, that this suit is only brought [for the purpose of annoying him. He pleads prescription, and prays that the suit may be dismissed with costs. Subsequently to tire filing of this answer, and while the trial of the case was progress *330 ing, the defendant pleaded specially, as a peremptory exception founded on law, the existence of a partnership between the parties in relation to the building of the houses in question ; and prayed that as the petitioner had not sued for a settlement, he should be dismissed. The Judge was of opinion that no partnership was proved, and gave judgment in favor of the plaintiff for $4210, with privilege on the houses built or repaired, reserving to the defendant his right to prosecute and recover from the plaintiff, in due course of law, all such sums as he may be entitled to, for moneys paid or materials furnished for the three houses, the value of which the plaintiff is allowed to recover in this suit. After a strenuous, but ineffectual attempt to obtain a new trial, the defendant has appealed.
From the confused and contradictory character of the evidence before us, we would have been disposed not to interfere with the decision made by the Judge below, were it not that there are some features of this case which induce us to apprehend that great injustice might be done, by finally passing upon the rights of the parties in the present state of the record. A large number of witnesses were examined, from whose testimony it appears that, although it was Donaldson who principally carried on and superintended the building of these houses, payments were made and materials were furnished alike by both him and the defendant. Some of the witnesses represent them as having acted and held themselves out as partners in the undertaking. The evidence shows, that there were six houses constructed on lots originally belonging to Walker. Conversations between the parties are stated by the witnesses, from which they understood that Donaldson, who had a sum of $1800 to invest, was, after building the six houses with Walker, to become the owner of one-half of the whole property. The houses appear to have been completed in Feb., 1838, and in June following Walker executed a sale to the ¡ laintiff of one-half of his land for $1800. In this sale it is mentioned that the houses standing on the portion of ground sold, were erected by Donaldson at his own expense. Whether any settlement took place between the parties in relation to the joint undertaking for building these houses does not appear; nor is it shown, except from the sale, which purports to be a cash one, *331 how the price of $1SOO was paid by Donaldson for the ground sold to him. It is a somewhat singular circumstance, that the plaintiff, who is represented as having had only a sum of $1800, should have paid in cash the price of the lots he purchased of the defendant, after building three houses for the latter, and three other houses for himself. But what is still more singular, and not accounted for by the evidence, is, that after completing those houses, the plaintiff should have remained more than three years and a half without ever claiming of the defendant any compensation for his labor, or the reimbursement of the large amount of money that must have been expended on the buildings. This suit was brought only on the 20th of September, 1841, and one of the plaintiff’s own witnesses testifies, that the plaintiff told him that the work he had been doing for the defendant in Marais street, in February, 1841, was to pay a debt he then owed him, the defendant. On the trial of the case, the defendant offered in evidence an account furnished him by the plaintiff, in May, 1S41, showing a balance due to him by the plaintiff, at that time, of $41 19 ; but this account was rejected on the objection of the plaintiff’s counsel that the account had been altered, that it did not come within the pleadings, and was not in the hand-writing of Donaldson. We think this account, which had been specially pleaded in the answer, should have been admitted, subject to whatever proof might have been adduced to destroy its force and effect.* Upon the whole, we think that the ends of justice will be best promoted by remanding this case for a new trial. Both parties may come prepared with additional testimony, and may so shape their pleadings as to bring to light the true merits of the case, and dispel the mystery which seems to hang over it.
It is, therefore, ordered, that the judgment of the Parish Court *332 be reversed, and that this case be remanded for further proceedings according to law ; the plaintiff and appellee paying the costs of this appeal.

 The bill of exceptions signed by the Judge, recites that defendant offered the account in evidence “ after having proved that it was furnished in April, or May, 1841, by plaintiff to defendant, leaving a balance of $41 19, due by plaintiff at the time ; and that at the time said account was thus furnished, it contained all the charges it now does, and the same credit, and was summed up at the bottom as it is now, leaving the said balance due by plaintiff.”